# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No.** _____

ROBERT GUARINI, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;
and BINANCE, a foreign company;

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff ROBERT GUARINI, an individual (hereafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendants JOHN DOE, an individual; and BINANCE, a foreign company ("BINANCE"); for damages and equitable relief. As grounds therefor, Plaintiff alleges the following:

## PRELIMINARY STATEMENT

1. This action arises from a fraudulent scheme that sought to, and ultimately did, steal Six Hundred Eighty Thousand Dollars ($680,000.00) worth of cryptocurrency from Plaintiff.

2. JOHN DOE played a material role in the scheme to steal Plaintiff's assets and currently possesses -- in an account maintained at cryptocurrency exchange BINANCE -- Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## PARTIES, JURISDICTION AND VENUE

### THE PARTIES

#### Plaintiff

4. Plaintiff ROBERT GUARINI is an individual domiciled in Boca Raton, Florida, is a citizen of the state of Florida, and is *sui juris*.

#### Defendants

5. Defendant JOHN DOE is an individual and, upon information and belief, is *sui juris*.

6. Defendant BINANCE is a foreign company which professes to not have a principal executive office.[1]  BINANCE is a digital currency wallet and money transmitter services platform where merchants and consumers exchange digital currencies like bitcoin and Ether.  BINANCE serves customers in the United States -- including in this jurisdiction -- through its United States-based affiliate Binance.US and serves customers abroad.

7. At all times material hereto, JOHN DOE has maintained -- and continues to maintain as of the date of this filing -- an account at BINANCE in which JOHN DOE holds the cryptocurrency stolen from Plaintiff.

#### Other Liable Persons/Entities

8. In addition to Defendants, there are likely other parties who may be liable to Plaintiff, but about whom Plaintiff currently lacks specific facts to permit him to name these persons or entities as party defendants.  By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

---

[1] Paddy Baker, *Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO,* COINDESK (May 8, 2020), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesnt-says-ceo.

## J‍URISDICTION AND V‍ENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

10. This Court has personal jurisdiction over Defendants because they: (a) operate, conduct, engage in and/or do business within this jurisdiction; (b) committed a tort in this jurisdiction; and/or (c) reside in this jurisdiction.

11. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in this jurisdiction and the causes of action accrued in this jurisdiction.

## **GENERAL FACTUAL ALLEGATIONS**

12. At times material hereto, Plaintiff maintained an account at U.S.-based cryptocurrency exchange Gemini Trust Company, LLC d/b/a Gemini ("Gemini").

13. At times material hereto, Plaintiff maintained in his Gemini account a cryptocurrency investment portfolio that included bitcoin.

14. On or about October 7, 2021, in an effort to protect the assets in his Gemini account, Plaintiff communicated telephonically from this jurisdiction with JOHN DOE who he believed -- through what he now knows were false pretenses -- was a representative of Gemini's Customer Support team.

15. Representing himself to be a Gemini Customer Support team member, JOHN DOE knowingly provided Plaintiff false instructions and information that constituted the theft, conversion, and misappropriation of Plaintiff's assets.

16. As a direct result of the foregoing, JOHN DOE -- on October 7, 2021 -- stole from Plaintiff 12.55974203 BTC that had been stored in Plaintiff's Gemini account.

17. Undersigned counsel engaged international cryptographic tracing and investigative firm Coinfirm to trace the BTC transferred and withdrawn without authorization from Plaintiff's Gemini account.

18. As concluded by Coinfirm, the 12.55974203 BTC transferred from Plaintiff's Gemini account were transferred in a series of transactions to a pair of deposit addresses at BINANCE (the "BINANCE Addresses") believed to be owned, controlled, and maintained by JOHN DOE, *to wit*:

| # | Binance Address | Transaction Hash | Transfer Date (UTC) | Amount sent to address (BTC) |
|---|---|---|---|---|
| 1 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | 7c7db3733154b08edfa74c21f5d0c9dd08555b284de57b7b997361b0c7dccfb0 | 2021-10-07 02:58:49 | 1.89936893 |
| 2 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | c9a6a69aa819020a1568c93eebef744db734816276e8b4585089bfeed9fb5efb | 2021-10-07 03:34:01 | 2.41616721 |
| 3 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | 2584bdd17a1d5b893c61b4a9819fd9c76233d4a1407e9eb46aeb4e189e5ea8c2 | 2021-10-07 04:11:13 | 1.65895267 |
| 4 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | b91a008ae243f900bd824fa70004c4e8dbbd4d14b6e7abc1732c3c399c08e4b3 | 2021-10-07 04:41:26 | 0.99963758 |
| 5 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | 2599805157dfadcd23795346069a101aa07e092b0407078797e2308bfbb7f1c4 | 2021-10-07 04:41:26 | 1.99933706 |
| 6 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | bbd3b77ab5edaf18df5bce2ccfbcb666f74d974d5c3f89a18cede045c5049f90 | 2021-10-07 06:32:48 | 1.55951461 |
| 7 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | db23122c052ebd5de995af286dad8ae1b83ae6a72dcd30f48197c01eda91a772 | 2021-10-07 09:45:20 | 0.18570842 |
| 8 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | ce5526f55b828cadedbadc7748474d6631cce0403e084678627b00021bfa8615 | 2021-10-07 11:37:41 | 0.45637786 |
| 9 | 1DML6c39gTnv2JxAfvzpgTFBATuusPYTi4 | 9124634570ae7ae7d7fd85a230252f94936dd09e7d2058a8c69b0e19c87b2d40 | 2021-10-07 12:13:07 | 1.3661731 |

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| 10 | 1Kpgsa9xjJ2ka1AQtsAQEgWeHC4N1hdCLF | 688182af978124f7ae074d73bd9849b012b8735b7b0fb9490d45bf28089b89a3 | 2021-10-07 11:42:54 | 0.01850459 |
|---|---|---|---|---|
| | | | **TOTAL** | **12.55974203 BTC** |

19. On October 8, 2021, undersigned counsel provided written notice to BINANCE advising BINANCE of the theft and requesting that, if the stolen assets were still located in the account(s) tied to the BINANCE Addresses, BINANCE freeze the account(s) controlling those addresses so the assets could not be withdrawn from those addresses.

20. Upon information and belief, the assets at issue are still housed at BINANCE.

21. As of the date of this filing, the 12.55974203 BTC located at BINANCE are valued at approximately Six Hundred Eighty Thousand Dollars ($680,000.00).

22. As a result of the actions described above, Plaintiff has suffered damages in an amount that will be proven at trial.

23. Plaintiff duly performed all of his duties and obligations; and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or have been excused or waived.

24. To enforce his rights, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services.

## COUNT I – CONVERSION
### [AGAINST JOHN DOE]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 24 above, and further alleges:

25. On October 7, 2021, at the time of the theft, Plaintiff owned and had the right to immediately possess the 12.55974203 BTC -- not just a mere right to payment for the value of those bitcoin -- that was taken from him and transferred to the account tied to the BINANCE Addresses.

26. When the stolen bitcoin was deposited by a thief/thieves into the BINANCE Addresses, JOHN DOE intentionally took possession of and assumed control over the 12.55974203 BTC.

27. JOHN DOE has intentionally exercised control, and continues to exercise control, over the bitcoin in such a way as to exclude Plaintiff from using or possessing the 12.55974203 BTC.

28. JOHN DOE knew the property he received was stolen or obtained in a manner constituting theft.

29. As such, JOHN DOE wrongfully converted the 12.55974203 BTC.

30. As a direct and proximate result of the foregoing, Plaintiff suffered the wrongful conversion of personal property whose value exceeds Seventy-Five Thousand Dollars ($75,000.00).

**COUNT II – IMPOSITION OF A CONSTRUCTIVE TRUST
AND DISGORGEMENT OF FUNDS
[AGAINST BINANCE]**

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 24 above, and further alleges:

31. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by JOHN DOE in an account(s) at BINANCE.

32. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

33. As set forth above, JOHN DOE -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience JOHN DOE should not be permitted to hold.

34. The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of JOHN DOE's account(s) at BINANCE.

35. Any and all assets being held at BINANCE by JOHN DOE must be held in trust for Plaintiff's benefit, as JOHN DOE is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

36. The 12.55974203 BTC identified herein which are being held at BINANCE by JOHN DOE must be disgorged to Plaintiff's benefit, as JOHN DOE is not entitled to the benefit of

wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

WHEREFORE, Plaintiff ROBERT GUARINI demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by JOHN DOE in an account(s) at BINANCE; and further demand the restoration to Plaintiff of that wrongfully obtained property.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

**SILVER MILLER**

By: ___/s/ *David C. Silver*___
DAVID C. SILVER
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
E-mail: JMiller@SilverMillerLaw.com
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:   (954) 516-6000

*Counsel for Plaintiff Robert Guarini*

Dated: October __8__, 2021